IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY KELLY | * |
|     Plaintiff, | |
|     v. | * CIVIL ACTION NO. AW-07-3105 |
| | * |
| STATE OF MARYLAND | |
| SGT. JEFFREY CURRY SR. | |
| OFFICER LENORE L. TUNSTALL | * |
| PAULO J. NEGRO | |
| KIMBERLY H. COLQUHOUN | * |
|     Defendants. | |
| | *** |

## MEMORANDUM

This 42 U.S.C. § 1983 civil rights action seeks compensatory and punitive damages. Paper No. 1. Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that on October 20, 2007, his friend Elza Furtado, the mother of another Perkins' patient, sent him a $300.00 money order. He complains that Perkins' mailroom staff, Defendants Curry and Tunstall, read the name on the incoming envelope, saw that another Perkins' patient's mother sent Plaintiff a letter, and opened same in Plaintiff's absence, in violation of Perkins' policy. He further alleges that the money order was confiscated as contraband and was returned to Elza Furtado with instructions that no money order or funds be sent to Perkins' patients other than Furtado's son, Edson Furtado. *Id*.

While Plaintiff's Motion to Proceed In Forma Pauperis shall be granted, this action shall be summarily dismissed. First, the State is not a "person" within the meaning of 42 U.S.C. § 1983.

---

[1] The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first degree rape and robbery. *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County). In both cases a competency hearing was held over the course of February, March, and April of 2004. In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

*See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).  Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).  Therefore, Plaintiff's Complaint against the State of Maryland is subject to dismissal.

In addition, the Court finds that Plaintiff's Complaint against the four remaining Defendants fails to articulate a constitutional claim.  Plaintiff complains of an isolated incident where Perkins' staff opened and inspected his non-privileged incoming mail outside his presence to inspect for contraband.  This incident, according to Plaintiff, violates Perkins' policy, but does not comprise a constitutional deprivation.  *See Davis v. Goord*, 320 F.3d 346, 351 ($2^d$ Cir. 2003).  Further, Perkins' regulations prohibiting Plaintiff from receiving money from family members of any other patient, and permitting Perkins' staff to confiscate those monies is reasonably related to a legitimate penological interest and is a valid restriction on a patient's right to receive money from certain outside sources.  The regulations satisfy due process.  *See Steffey v. Orman*, 461 F.3d 1218, 1222-23 (10th Cir. 2006).  Plaintiff's interest in the money order was no more than an inchoate, unrealized expectation in a gift of contraband funds.  *Id*. at 1223.

For the aforementioned reasons, Plaintiff's § 1983 complaint is premised on an "indisputably meritless legal theory" and shall be dismissed pursuant to 28 U.S.C. §1915(e).[2] A separate Order shall be entered in compliance with the opinion set out above.[3]

Date: November 21, 2007

                                              /s/
                                     Alexander Williams, Jr.
                                     United States District Judge

---

[2] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal--
(i)  is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[3] The dismissal of this case under 28 U.S.C. § 1915(e) shall not count as a "strike" against Plaintiff under the Prison Litigation Reform Act ("PLRA"). Plaintiff is not a "prisoner" within the meaning of the PLRA. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity. *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001). In *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA. *Page* explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of ... 28 U.S.C. § 1915 ." *Id.* The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes. *Id* at 1139-40.
.